UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JORGE SAUCEDO,

                      Plaintiff,                  **REPORT AND RECOMMENDATION**
-against-                   16 CV 451 (CBA) (CLP)

ON THE SPOT AUDIO CORP d/b/a ON THE
SPOT MOTO, and OSCAR TORRES,

                      Defendants.
------------------------------------------------------------ X

**POLLAK**, United States Magistrate Judge:

       On January 28, 2016, plaintiff Jorge Saucedo commenced this action against defendants On the Spot Audio Corp., d/b/a On the Spot Moto ("OTSM"), and Oscar Torres (collectively, the "defendants"), seeking unpaid overtime and minimum wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL") § 650 et seq., as well as unpaid spread of hours wages and damages stemming from defendants' unlawful retention of gratuities and alleged failure to comply with the wage notice requirements under the NYLL. On June 2, 2016, plaintiff moved for a default judgment against the defendants, which motion was referred to the undersigned to issue a Report and Recommendation as to damages. On December 21, 2016, the undersigned issued a Report and Recommendation that plaintiff be awarded judgment in the amount of $152,311.73. The Honorable Carol Bagley Amon adopted that Report and Recommendation by Order dated February 28, 2017, and the Clerk entered judgment that same day.

       On October 16, 2017, the defendants filed a motion seeking to vacate the default judgment. They allege that they were never served with process and never received any

1

documents related to the instant action until their bank was served with a garnishment order. (See Panagopoulou Decl. ¶ 11, Oct. 16, 2017, ECF No. 22).  Judge Amon referred that motion to the undersigned on October 17, 2017 to prepare a report and recommendation.

On November 2, 2017, the parties filed a Stipulation to Vacate Default Judgment.  (See Stip., Nov. 2, 2017, ECF No. 28).  In the stipulation, the parties agree to vacate the February 28, 2017 default judgment against all of the defendants, to toll the statute of limitation for unpaid wages from January 28, 2016 to the date this suit was filed, and to extend the time in which the defendants must respond to the Complaint to December 2, 2017.

Rule 55 of the Federal Rules of Civil Procedure allows courts to "set aside a final default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  Rule 60, in turn, provides that the Court may relieve a party from a final judgment so long as the party makes its motion "within a reasonable time" and, for motions based on certain grounds, if the motion is brought within one year after entry of judgment.  See Fed. R. Civ. P. 60(b), (c)(1).  Less than a year has passed since entry of judgment, and it appears from the defendants' papers that they have been diligent in seeking relief from judgment once they became aware of the lawsuit.  (See, e.g., Panagopoulou Decl. ¶¶ 10-14).  Relief is therefore available under Rules 55(c) and 60(b).  Such relief is particularly appropriate given the strong "preference for resolving disputes on the merits."  Brien v. Kullman Indus., Inc., 71 F.3d 1073, 1077 (2d Cir. 1995).

Based on the agreement of the parties through their Stipulation, and having reviewed the defendants' papers in support of their motion to vacate the default judgment, it is respectfully recommended that the defendants' motion to vacate the default judgment be granted.  It is further recommended that the parties' stipulation to vacate the default judgment be entered as the order of the Court and that the defendants be required to respond to the Complaint no later than

December 2, 2017.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. See Fed. R. Civ. P. 72(b); see also Fed. R. Civ. P. 6(a), (b), (d). Failure to file timely objections waives the right to raise objections to this Report and Recommendation on Appeal. See Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

    **SO ORDERED.**

Dated: Brooklyn, New York
       November 7, 2017

                                        /s/ Cheryl L. Pollak
                                        Cheryl L. Pollak
                                        United States Magistrate Judge
                                        Eastern District of New York